[Cite as *Elko v. Ohio Dept. of Transp.*, 2010-Ohio-6626.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

HOWARD ELKO

     Plaintiff

     v.

OHIO DEPT. OF TRANSPORTATION

     Defendant

Case No. 2010-06800-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION


{¶ 1} Plaintiff, Howard Elko, filed this action against defendant, Department of Transportation (ODOT), contending his 2007 Kia Optima was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on State Route 2 in Lorain County.  Plaintiff described the damage incident noting he was traveling on State Route 2 near Baumhart Road when a piece "of the pavement came loose from the road (and) it bent the left rear rim, blew a hole (through) the tire sidewall (and) then hit my bumper" on the 2007 Kia Optima.  Plaintiff reported an ODOT employee arrived at the scene and picked up the damage-causing piece of dislodged pavement material.  Plaintiff recalled his damage incident occurred on April 8, 2010 at approximately 10:00 a.m.  In his complaint, plaintiff requested damage recovery in the amount of $1,092.60, the total stated cost of automotive repair and replacement parts. The filing fee was paid.

{¶ 2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing defect prior to plaintiff's April 8, 2010 described occurrence.  Defendant located the dislodged pavement and resulting pothole at milepost 3.33 on SR 2 in Lorain County.  Defendant explained that ODOT records show no prior reports of a dislodged pavement pothole condition at the location despite the fact that particular "section of roadway has an average daily traffic

count between 30,540 and 33,740 vehicles." Defendant argued that plaintiff did not provide any evidence to establish the length of time the particular defect at milemarker 3.33 was present on the roadway prior to 7:00 p.m. on February 19, 2010. Defendant suggested that "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶ 3} Additionally, defendant contended that plaintiff did not offer evidence to prove the roadway was negligently maintained. Defendant further contended plaintiff failed to offer any evidence to prove his property damage was attributable to any conduct attributable to ODOT. Defendant advised the ODOT Lorain County Transportation Manager, Tom Keys, "travels each state highway twice a month in Lorain County and looks for potholes, low berms, and other safety hazards and records any deficiencies he finds on the Road Inspection Reports" (copies submitted). According to the submitted reports, ODOT employee Keys inspected State Route 2 on April 5, 2010 ad did not note any potholes or other defects. On April 8, 2010, Keys discovered the "loose concrete" condition that damaged plaintiff's vehicle. However, the "loose concrete" condition was not discovered by any ODOT personnel until after plaintiff's incident. The "loose concrete" was picked up and the resulting hole in the roadway was immediately patched by ODOT personnel. Defendant asserted the pavement in the vicinity of milepost 3.33 on State Route 2 was in good condition just three days prior to plaintiff's incident. Defendant suggested the damage-causing "loose concrete" condition was present for only a short time before plaintiff's described damage occurrence.

{¶ 4} For plaintiff to prevail on a claim of negligence, he must prove, by a

preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence defendant had actual notice of the

pavement condition on State Route 2 prior to the morning of April 8, 2010.

{¶ 7} Therefore, to find liability plaintiff must prove ODOT had constructive notice of the defect. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 8} In order for there to be constructive notice, plaintiff must show sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD. Size of the defect is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard,* at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. No evidence has shown that ODOT had constructive notice of the defect.

{¶ 9} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the defect and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. The evidence available does not establish that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the pavement condition.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

HOWARD ELKO

Plaintiff

v.

OHIO DEPT. OF TRANSPORTATION

Defendant

Case No. 2010-06800-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION


Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.


_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:


Howard Elko                          Jolene M. Molitoris, Director
1385 Troon Avenue                    Department of Transportation
Brunswick, Ohio  44212               1980 West Broad Street
                                     Columbus, Ohio  43223

RDK/laa
8/30
Filed 10/7/10
Sent to S.C. reporter 1/21/11